***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the materials before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Commissioner as:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held on April 26, 2006 before the Deputy Commissioner. *Page 2 
2. Plaintiff alleged in his Affidavit and at the hearing before the Deputy Commissioner that he was denied a fair hearing in a disciplinary proceeding initiated against him by the employees of defendant.
3. Defendant moved to dismiss plaintiff's claim on several grounds, including: (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure because the allegations of the affidavit, if taken as true, allege intentional acts and constitutional violations by employees of the State, and such are not proper jurisdiction for a tort claims action; (2) for failure to state a claim upon which relief can be granted in that plaintiff's allegations are not sufficient to establish that the injuries sustained were the proximate result of a negligent act of named state employee acting within the course and scope of his employment pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure; and (3) contributory negligence.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 3 
3. Plaintiff's allegations in the Affidavit and at the motions' hearing before the Deputy Commissioner, taken as true, amount to allegations of intentional acts and constitutional violations, such as denial of the right of fair hearing and due process, on the part of defendant.
4. Claims based on intentional acts and constitutional violations are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. §143-291. Therefore, the Industrial Commission lacks subject matter jurisdiction over the claims of intentional acts and constitutional violations.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of February 2007.
S/___________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER